EL PUEBLO DE PUERTO RICO, demandante y apelado, v. JULIO LICEAGA, acusado y apelante.

No. 4584.—*Sometido:* Diciembre 10, 1931. *Resuelto:* Diciembre 22, 1931

El acusado compareció personalmente; *E. Díaz Viera, Fiscal Auxiliar,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Julio Liceaga apela de una sentencia que lo condena por delito subsiguiente de escalamiento en primer grado del que fué acusado en unión de otra persona, celebrándose su juicio separado del otro.

El escrito que con su sola firma nos ha presentado en apoyo de su recurso hace muchas afirmaciones que no consideraremos porque no constan en los autos que tenemos ante nosotros, excepto en que aparecen en una petición no jurada que presentó al tribunal inferior en solicitud de nuevo juicio. Consideraremos, sin embargo, las que aparecen de la transcripción de la evidencia.

Dice el apelante que no se probó que el delito se cometiera el 6 de febrero de 1931, que es la fecha consignada en la acusación. Sin embargo, el apelante declaró en el juicio que

fué detenido el 7 de febrero de 1931 por la mañana porque se le imputó el delito cometido la noche anterior y presentó prueba para demostrar que en la noche del 6 de febrero no salió de su casa, de modo que él admite que la fecha expresada en la acusación es la de la comisión del delito por el cual ha sido condenado.

■■ También dice que no hubo prueba directa ni circunstancial de que él cometiera ese delito. El encargado de la tienda en que fué cometido el escalamiento declaró que la tarde anterior cerró la tienda y puso un candado en la puerta de entrada. Que a la mañana siguiente encontró roto el candado y echó de menos cinco dólares en billetes de banco y unos centavos que estaban en una caja registradora, la que tenía señales de haber sido violentada, y que también faltó una sortija de oro. Juan Hernández, dueño de la tienda, declaró que Julio Liceaga fué detenido por la detective el 7 por la mañana y que en el cuartel le dijo voluntariamente que Sergio Plata fué quien rompió el candado de la tienda y entró en ella mientras él, Liceaga, de acuerdo con Sergio Plata, estaba en la calle velando por si llegaba alguna persona; que entre ambos se repartieron el dinero que Sergio Plata cogió; que la sortija la tenía Sergio Plata; y que el testigo no hizo oferta alguna ni amenazó a Liceaga para que declarase. El detective Secundino Pérez Sánchez declaró que Julio Liceaga manifestó en su presencia a Juan Hernández lo que éste declara y que Sergio Plata fué a buscarlo a su casa después de las doce de la noche y salió con él. Susano González, detective, presenció las manifestaciones que Liceaga hizo a Juan Hernández, por lo que fué arrestado Sergio Plata, a quien le fué ocupada la sortija. El acusado presentó como testigo suyo a su esposa y a un hermano de él que vino desde Guayama a San Juan para el juicio avisado por el apelante, declarando ambos que en la noche del 6 de febrero Julio Liceaga estuvo en su casa con ellos y otro hermano jugando dominó hasta las diez de la

noche en que se acostaron todos. El apelante declaró que ha sido condenado siete u ocho veces, varias de ellas por escalamiento en primer grado; que el 7 de febrero salió de su casa y fué detenido ocupándosele un dinero que es suyo; que el detective Cedeño le dijo que quería le sirviera como testigo contra Sergio Plata; que como a las dos de la tarde los detectives lo llevaron para un cuarto y le dijeron que si no decía la verdad le iban a pegar; que uno de ellos le dió una bofetada y se disponía a pegarle con un palo, y que para evitar que le pegaran les dijo le manifestasen lo que querían que declarase, contestándole ellos que dijese que fué Sergio Plata y les ofreció hacerlo así; que la detective le entregó una sortija para que la pusiera en el sombrero de Plata; y que él no sabe nada del escalamiento porque estaba durmiendo en su casa.

Las declaraciones de los testigos respecto a la confesión del acusado-apelante, si son creídas, son prueba directa de su confesión, según ha sido declarado en los casos de *El Pueblo* v. *Rivera (a)Panchito,* 7 D.P.R. 333; *El Pueblo* v. *Dones* y *El Pueblo* v. *Eligier,* 9 D.P.R. 469 y 396, respectivamente. Es cierto que la voluntariedad de las manifestaciones del acusado fué negada por él pero ese conflicto de la evidencia y también el referente a si esa noche salió o no de su casa fué resuelto en su contra por el tribunal inferior sin que se nos haya demostrado que cometiera error en esas decisiones.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Señor Hutchison disintió.*